IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WFG NATIONAL TITLE INSURANCE )
COMPANY,                      )
                              )
      Plaintiff,               )
                              )          Case No. 3:13-cv-1004-MJR-DGW
      v.                       )
                              )
METRO EAST TITLE CORPORATION,)
KAREN STEINKE and MARVIN STEINKE, )
                              )
      Defendants.              )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Entry of Default filed by Plaintiff, WFG National Title Insurance Company, on March 7, 2014 (ECF 42).   For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff filed a Complaint on September 30, 2013 against Metro East Title Corporation ("METC") and Karen and Marvin Steinke (ECF 2).   Summons was issued as to the three Defendants on October 4, 2013 and reissued on October 11, 2013 (ECF 3 and 4).   While Marvin Steinke has appeared in this lawsuit, neither METC nor Karen Steinke have appeared.   Plaintiff now seeks entry of default as to the two non-responsive parties.

To support its request for default, Plaintiff has attached a number of documents.   First, the affidavit of its attorney, Scott Mueller, "attests that Stephen Clark, counsel for Metro East Title Corporation and Karen Steinke, was served with and accepted service of the summonses and Complaint on behalf of Metro East Title Corporation and Karen Steinke on October 16, 2013 . . . ." (ECF 42-1, p. 1).   Second, a copy of an e-mail from "Merima Trifunovic" to

"mary@ccalawfirm.com" and dated October 16, 2013 indicates that Summons issued by the Clerk as to METC and Karen Steinke were attached (*Id.* at 2).   The actual Summons as to METC indicates that Marvin Steinke is its registered agent (and makes no mention of Stephen Clark) (*Id.* at 3).   Summons as to Karen Steinke has not been attached; however, the Summons issued by the Clerk do not indicate that she has an agent for service of process (ECF 4, p. 2).   Mr. Mueller also signed two proofs of service indicating that both Karen Steinke and METC were served by serving summons on Steve Clark on October 16, 2013 (ECF 42-1 4, 6).   Finally, Plaintiff has attached an e-mail from "Mary Curtis" to Mr. Mueller:

> Scott:
>
> This will acknowledge acceptance of service on the Second Amended Complaint on behalf of Karen Steinke and Metro East Title.   You may notice your deposition for my office.
>
> Stephen R. Clark
> SRC/mc
>
> (*Id.* at 7)

No summons have been filed as executed as to Karen Steinke and METC and Mr. Clark has not entered an appearance in this matter.

From these documents it appears that Merima Trifunovic[1] e-mailed summons[2] to Mr. Clark[3] (an attorney), who purportedly represents Karen Steinke and METC.   There is no acknowledgement from Mr. Clark (or Mary Curtis) that summons and a copy of the complaint were received.   Although, Mr. Mueller attests that "I served the summons on Steve Clark, who is

---

[1] There is no explanation of who Ms. Trifuovic is.

[2] It is unclear from the e-mail whether a Complaint also was attached to the e-mail.

[3] Or more accurately, Mary Curtis, at an e-mail address that does not readily indicate that she is employed by Mr. Clark's law firm, Courtney, Clark & Mejias, P.C.

designated by law to accept service of process on behalf of" Karen Steinke and METC, it is not immediately apparent the e-mail sent to Ms. Curtis was from Mr. Mueller.[4]

This is Plaintiff's second attempt at seeking entry of default as to Karen Steinke and METC. As to the first attempt, this Court found Plaintiff's motion to be lacking and directed Plaintiff to indicate how service upon Karen Steinke and METC conforms with Federal Rule of Civil Procedure 4. In response, Plaintiff offers no explanation but does cite to Rule 4(e)(2)(C) as to Karen Steinke and Rule 4(h)(2)(B) as to METC. A more detailed explanation of this Court's reluctance to enter default must now be undertaken.

First, Rule 4(c)(2) states that "any person who is at least 18 years old and not a party may serve a summons and complaint." If the October 16, 2013 e-mail is credited, then a person, Ms. Trifunovic e-mailed summons to a "mary@ccalawfirm.com." There is no indication who Ms. Trifuovic is and whether she is the type of person contemplated by Rule 4(c)(2). Second, no complaint appears to have been e-mailed along with summons. Third, if Mr. Mueller's Proof of Service is credited, then he, an attorney for plaintiff, i.e. a party, served Defendants (while permissible, service by Plaintiff's attorney is not preferable). This conflicts with the e-mail that Plaintiff has attached. Either way, there is a lack of clarity as to how Rule 4(c)(2) has been followed and whether a complaint was actually delivered with the summons.

Second, service upon an individual's attorney may be proper; however, more information is required to determine whether it is in fact proper in this case. *See U.S. v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."); *see also Compton v. Lowe's*

---

[4] Although the top of the e-mail states "Kristin Steinkamp" who this Court has determined is an attorney in Mr. Mueller's law firm, Galloway, Johnson, Tompkins, Burr & Smith (but who has not entered an appearance in this case).

*Companies, Inc.*, 2009 WL 4015522, *1 (S.D. Ill. 2009).   Plaintiff e-mailed summons to a person who does not immediately appear to be Karen Steinke's or METC's attorney.   There is no affidavit or other document that would indicate that either Ms. Curtis (i.e. Mary) or Mr. Clark are authorized to accept service pursuant to Rule 4(e)(2)(C).   In addition, there is no acknowledgment that summons and complaint were received by Mr. Clark or Karen Steinke.   The same can be said of METC.   The summons (filled out by Plaintiff) lists the actual registered agent of METC as Marvin R. Steinke (who appears to have been properly served).   There is no indication that Mr. Steinke was served as an agent of METC.

For these reasons, Plaintiff's Motion for Entry of Default is **DENIED WITHOUT PREJUDICE**.   This Court suggests that Plaintiff take some time to determine whether service was in fact proper and consistent with Rule 4 and that, as prompted in this Court's March 5, 2014 Order, actually provide an appropriate explanation in any future motion.

**IT IS SO ORDERED.**

**DATED: May 6, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**